JOAN B. TUCKER FIFE (SBN: 144572)
email: jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Defendant,
VALSPAR CORPORATION

SHAWN KHORRAMI (SBN: 180411)
skhorrami@kpalawyers.com
ROBERT J. DREXLER, JR. (SBN: 119119)
rdrexler@kpalawyers.com
LAUNA ADOLPH (SBN: 227743)
ladolph@kpalawyers.com
KHORRAMI POLLARD & ABIR LLP
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
Telephone: (213) 596-6000

Attorneys for Plaintiffs,
LUKE HALTON and DENNIS BIER

ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUKE HALTON and DENNIS BIER, Individually and on behalf of All Other Similarly Situated Current and Former Employees,<br><br>    Plaintiffs,<br><br>    vs.<br><br>VALSPAR CORPORATION & SUBSIDIARIES, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:10-cv-02400-KJM-CKD<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY AND ORDER** |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

The Plaintiffs named in the First Amended Class Action Complaint and Defendant Valspar Corporation (individually, a "Party", and, collectively, the "Parties"), by and through their undersigned counsel for the above captioned action ("Action"), stipulate and agree as follows:

1. <u>Purpose</u>.  Until further order of the Court or stipulation of the Parties, any and all (a) documents and depositions which are produced, given, returned, or supplied by the Parties to this Action or the Parties' experts; (b) extracts and summaries prepared from such materials; (c) information contained in or obtained from such materials; and/or (d) those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to such materials, shall be used solely for the prosecution, defense, or settlement of the Action (including any appeals) and shall be subject to this Stipulated Protective Order (hereinafter "Protective Order").

2. <u>Types of Information Eligible For Protection</u>.  The following three types of information are eligible for protection under this Protective Order.

   a. <u>Confidential Information</u>.  Any Party or non-party subject to subpoena issued in this matter ("Non-Party") may, in good faith, designate as "Confidential," in whole or in part, information, documents, materials or testimony which contain or reveal confidential personal information, or proprietary or other information treated as confidential by that Party in its business operations.  Confidential information and documents ("Confidential Information") shall include documents, portions of deposition transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials designated as Confidential as set forth below.  Any documents or information designated Confidential shall be treated as such, unless and until the attorneys of record in this Action agree in writing that the documents or information may be declassified or the Court rules to the contrary.  This Paragraph shall be interpreted to be consistent with the procedures set forth below governing objections to "Confidential" designations.

   b. <u>Highly Confidential Information</u>.  The Parties acknowledge that discovery may include information of an exceptionally sensitive nature, including proprietary business information.  Accordingly, any Party or Non-Party may, in good faith, designate such exceptionally

1

sensitive information "Highly Confidential." Highly Confidential information and documents ("Highly Confidential Information") shall include documents, portions of deposition transcripts, interrogatory answers, responses to requests for admission, and any other discovery materials designated as Highly Confidential as set forth below. Any documents or information designated Highly Confidential shall be treated as such, unless and until the attorneys of record in this Action agree in writing that the documents or information may be declassified or the Court rules to the contrary. This Paragraph shall be interpreted to be consistent with the procedures set forth below governing objections to "Highly Confidential" designations.

    c. <u>Confidential Personnel Information</u>. Defendant Valspar Corporation maintains information about its employees. Defendant maintains this information, such as personnel files and payroll data, in confidence. This information shall be designated "Confidential Personnel" and shall be treated as Highly Confidential information under the terms of this agreement. This Paragraph shall be interpreted to be consistent with the procedures set forth below <u>governing objections to "Highly Confidential" designations.</u>

  3. <u>Particularized Need That Must Be Addressed By Court Order</u>: The designation of Confidential Information as defined in Paragraph 2(a), Highly Confidential Information as defined in Paragraph 2(b) and Confidential Personnel Information as defined in Paragraph 2(c), is required in order to protect the Parties from disclosure of information that may violate an individual's right to privacy, negatively impact a Party's business and/or competitive position because it would reveal confidential, trade secret, proprietary, financial or commercially sensitive information and/or breach an obligation of a Party to maintain the confidentiality of information. A Court Order is required in order to provide an enforcement mechanism between the Parties and with third parties allowed to access the information who are identified in Paragraph 6.

  4. <u>Method of Designating Documents Confidential or Highly Confidential</u>. Any documents intended to be Confidential, Highly Confidential or Confidential Personnel shall be so designated by the producing Party by stamping "Confidential," "Highly Confidential," or "Confidential Personnel" on the first page of the document.

(a) Documents produced prior to the entry of this Order may be designated Confidential, Highly Confidential, or Confidential Personnel by the producing Party within ten (10) business days of the date of the Order. Any such designation shall be in writing delivered to the receiving Party.

(b) If a portion of deposition testimony is designated Confidential, Highly Confidential, or Confidential Personnel at the time given, the reporter shall mark that portion of the transcript accordingly.

(c) Employment records produced pursuant to authorizations shall automatically be deemed Confidential Personnel.

(d) The producing party may designate Electronically Stored Informed (ESI) as Confidential, Highly Confidential, or Confidential Personnel by marking the produced disc or drive with the appropriate designation or by accompanying the ESI production with correspondence which communicates the appropriate designation.

5. <u>Subsequent Designation.</u> The failure of a producing Party to designate information or documents as "Confidential," "Highly Confidential," or "Confidential Personnel" at the time of the initial production of the same shall not prejudice the producing Party's right to thereafter designate such information or documents if the initial failure to designate was inadvertent. A producing Party may designate any information or documents previously produced without designation by providing written notice of the same to each recipient of the information or documents within thirty (30) days of discovery of the inadvertent production of undesignated information or documents. Upon such designation, the producing Party shall re-produce the information or documents in a properly designated form. Upon production of the re-produced information or documents, recipient Parties shall promptly take reasonable steps to ensure that all undesignated copies of such information or documents are destroyed and replaced with properly designated copies of such information or documents by the producing Party.

6. <u>Contesting "Confidential" and/or "Highly Confidential" Designations</u>. A receiving Party may object to the designation of information or documents as Confidential or Highly Confidential, or the failure of a producing Party to so designate information or documents by notifying counsel for the producing Party in writing at any time during the litigation. The Parties agree to engage in good faith informal discussions concerning any dispute over the designation of information or documents as "Confidential" or "Highly Confidential." If the matter is not resolved by the Parties themselves, the Party challenging the designated status of information or documents

3

claimed to be restricted by this Protective Order shall have thirty (30) days from the date of written notice of objection in which to make a motion challenging the applicability of this Protective Order with respect to such information or documents.  The Parties shall treat the disputed information or documents as Confidential or Highly Confidential until the Court rules or the Parties reach a written agreement otherwise.  The Party proposing confidentiality designations has the burden of justifying the designations.

7. <u>Persons Allowed Access to Confidential Information</u>.  Information and documents designated Confidential shall be maintained in confidence and shall not be disclosed or made available to any person other than:

(a) The attorneys of record in this Action and Defendants' in-house counsel and their associated attorneys, legal assistants, and staff members working on the Action;

(b) Independent consultants and/or experts retained by the Parties to work on the Action, provided, however, that before any such consultant or expert is shown or receives any documents or information, the consultant or expert must agree in writing to abide by the terms of this Protective Order;

(c) Named Plaintiffs, class member (in the event that the class is certified), Defendant Valspar Corporation, and any current and former officers, directors, employees, advisors, or agents of the Parties, who assist the attorneys of record in this Action, <u>provided, however,</u> that named Plaintiffs and class members who are former employees of Defendant Valspar Corporation may only be shown Confidential Information and may not be given copies of information or documents containing such Information, <u>provided, further,</u> that before any person identified in category 8(c) receives any information or documents, he or she must agree in writing to abide by the terms of this Protective Order by executing Exhibit A attached hereto;

(d) A person who prepared or received the Confidential Information prior to its production in the action, provided that before any person receives or is given access to any Confidential Information pursuant to this section, he or she shall execute Exhibit A attached hereto, which includes an agreement to be bound by this Protective Order;

(e) (i) A deponent during a deposition or a witness on examination in a hearing or at trial, subject to any objection to such disclosure by counsel for the Party that produced the Confidential Information, and provided that the witness shall be requested on the record to execute Exhibit A attached hereto, agreeing to be bound by the Protective Order, before any Confidential Information may be disclosed to the witness; or

    (ii) a potential deponent or witness who the examining counsel believes in good faith has relevant information specifically regarding the Confidential Information that was not obtained in violation of this Protective Order; <u>provided</u> that prior to the time that any such person is given access to Confidential Information, such person shall be provided with a copy of this Protective Order and shall execute Exhibit A hereto agreeing to be bound by this Protective Order, which shall be retained by counsel making the disclosure of the Confidential Information, and <u>provided, further,</u> that named Plaintiffs and class members who are former employees of Defendant Valspar Corporation may only be shown Confidential Information and may not be given copies of information or documents containing such Information, and

    <u>provided, further,</u> that persons identified in category 8(e)(i) that refuse on the record to execute Exhibit A and be bound by its terms shall not be shown any Confidential Information without consent on the record from counsel for the Party who designated the information Confidential; and provided, further, that persons identified in category 8(e)(i) that refuse on the record to execute Exhibit A and be bound by its terms who are shown Confidential Information after consent has been given on the record by counsel for the Party who designated the information Confidential, shall not be permitted to retain any document designated as containing Confidential Information, and <u>provided, further,</u> that no Plaintiff shall be shown Confidential Information without executing Exhibit A agreeing to be bound by the terms of Exhibit A, and

    <u>provided, further,</u> that persons identified in category 8(e)(ii) may only be shown Confidential Information but may not be given copies of, or allowed to retain, documents containing such Information;

  (f) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential Information, to the extent reasonably necessary to assist the Parties in connection with the action;

  (g) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the Action;

  (h) Any third-Party mediator jointly selected by the Parties or appointed by the Court;

  (i) Such persons as the attorneys of record in this Action shall mutually consent to in writing or on the record prior to the proposed disclosure; and

  (j) The Court and its authorized staff, and other such persons as the Court may direct as authorized to receive Confidential Information.

Nothing contained in the Protective Order shall prevent any Party from disclosing its own Confidential information and documents as may be consistent with applicable law.

8. <u>Persons Allowed Access To Highly Confidential Information</u>.  Information and documents designated Highly Confidential shall be maintained in confidence and shall not be disclosed or made available to any person other than:

(a) The attorneys of record in this Action and their associated attorneys, legal assistants, and staff members working on the Action;

(b) Any person involved in the preparation of or who had authorized access to the contents of the Highly Confidential information or document;

(c) Independent consultants and/or experts retained by the Parties to work on the Action, provided, however, that before any such consultant or expert is shown or receives any information or documents, the consultant or expert must agree in writing to abide by the terms of this Protective Order;

(d) A person who prepared or received the Highly Confidential Information prior to its production in the action, provided that before any person receives or is given access to any Highly Confidential Information pursuant to this section, he or she shall execute Exhibit A attached hereto agreeing to be bound by this Protective Order;

(e) A deponent during a deposition or a witness on examination in a hearing or at trial, subject to any objection to such disclosure by counsel for the Party that produced the Highly Confidential Information, and <u>provided</u> that the witness shall be requested on the record to execute Exhibit A attached hereto agreeing to be bound by the Protective Order, before any Highly Confidential Information may be disclosed to the witness; <u>provided, further,</u> that named Plaintiffs and class members who are former employees of Defendant Valspar Corporation may only be shown Highly Confidential Information and may not be given copies of information or documents containing such Information, <u>provided, further,</u> that any person identified in this section 9(e) that refuses on the record to execute Exhibit A and be bound by its terms shall not be shown any Highly Confidential Information or Confidential Personnel Information, without consent on the record from counsel for the Party who designated the information Highly Confidential or Confidential Personnel; and provided, further, that persons identified in category 9(e) that refuse on the record to execute Exhibit A and be bound by its terms who are shown Highly Confidential Information or Confidential Personnel Information after consent has been given on the record by counsel for the Party who designated the information Highly Confidential Information or Confidential Personnel Information, shall not be permitted to retain any document designated as containing Highly Confidential Information or Confidential Personnel Information.

(f) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Highly Confidential Information, to the extent reasonably necessary to assist the Parties in connection with the action; and

(g) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the Action;

   (h) Any third-Party mediator jointly selected by the Parties or appointed by the Court;

   (i) Such persons as the attorneys of record in this Action shall mutually consent to in writing or on the record prior to the proposed disclosure; and

   (j) The Court and its authorized staff, and other such persons as the Court may direct as authorized to receive Highly Confidential Information.

Nothing contained in the Protective Order shall prevent any Party from disclosing its own Highly Confidential information and documents as may be consistent with applicable law.

  Named Plaintiffs and class members may not be shown Highly Confidential information unless the Named Plaintiff or class member is a person who prepared or received the Highly Confidential Information prior to its production in the action, provided that before any person receives or is given access to any Confidential Information pursuant to this section, he or she shall execute Exhibit A attached hereto agreeing to be bound by this Protective Order.  Named Plaintiffs and class members may not be shown Confidential Personnel information unless:  (i) the personnel information pertains to that specific named Plaintiff or class member; or (ii) the employee who the personnel information pertains to waives confidentiality of that information in writing;

  9. <u>Use of Confidential Information in Deposition</u>.  No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to reveal Confidential or Highly Confidential material.  The deposition must proceed upon the following basis:  Prior to answering the deposition question or questions all persons present shall be advised of the terms and conditions of this Stipulation and Protective Order and, at the request of the designating Party, all persons not authorized to receive Confidential or Highly Confidential material under this Stipulation and Protective Order shall leave the room during the time in which this material is disclosed or discussed.

  10. <u>Use of Confidential Information at Trial</u>.  The use of Confidential or Highly Confidential Information shall be governed by Local Rule 141.1(b)(2).

  11. <u>No Publication</u>.  No Confidential or Highly Confidential information or documents shall be published or disseminated by the Parties or their counsel without the permission of the Party designating such information or documents as Confidential or Highly Confidential.  Portions of

7

affidavits and briefs quoting Highly Confidential information or documents shall not be published or disseminated by the Parties or their counsel without the permission of the Party designating such information, documents or materials as Confidential or Highly Confidential.

12.   Disclosures Required By Law.  If a Party who received Confidential Information or Highly Confidential Information is later required by law, regulation, subpoena, or order to disclose or provide Confidential Information or Highly Confidential Information to any person or to any judicial, governmental, or administrative body, the Party being required to disclose or provide the Confidential Information or Highly Confidential Information (the "Disclosing Party") shall give written notice of such proposed disclosure to the attorneys of record of the producing Party and the other Parties to this Action at least five (5) days before such disclosure.  If the law, regulation, or order requires disclosure in a way that renders five (5) days' notice impracticable, the Disclosing Party shall give such notice by telephone as soon as practicable, but in any event before disclosure is made.

13.   Court Filings.  Any information or documents designated Confidential or Highly Confidential, as well as portions of affidavits and briefs quoting or referencing Confidential Information or Highly Confidential Information may be filed with the Court only after a sealing order is obtained in compliance with Local Rule 141.  If a receiving Party's request to seal pursuant to Local Rule 141 is denied by the Court, the receiving Party may file the information in the public record unless otherwise instructed by the Court.

14.   After the Litigation.  The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation.  Upon settlement or final determination of this litigation, all Confidential Information or Highly Confidential Information and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such information or documents shall be returned to the Party who produced such Confidential Information or Highly Confidential Information within sixty (60) days after litigation is concluded.  A Party who has received Confidential or Highly Confidential information or documents may destroy electronic copies of such information or documents in their possession

within sixty (60) days after litigation is concluded, provided that Party certifies in writing to the Party who produced such information or documents that such electronic information or documents, and any and all copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such information or documents, have been fully and completely deleted and destroyed from any and all electronic systems and/or storage media.  This Court will retain jurisdiction over enforcement of the terms of this Protective Order for sixty (60) days after litigation is concluded or until the Clerk has closed the action, which ever date occurs later.

15. <u>Work Product and Briefs</u>.  Counsel may maintain their work product and all briefs, pleadings or other filings with the Court that include information or documents designated Confidential or Highly Confidential, but these information or documents shall remain subject to the terms of this Protective Order.

16. <u>No Waiver of Confidentiality, Highly Confidential, Attorney-Client Privilege or Work Product Doctrine</u>.  Nothing in this Stipulation and Order shall be deemed to require disclosure of Confidential Information, Highly Confidential Information, or material protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges.  The inadvertent production of any document during this litigation shall be without prejudice to any claim of confidentiality, Highly Confidential status, attorney-client privilege, work product doctrine, or any other legally recognized privilege, and the producing Party shall not be held to have waived any rights by an inadvertent production.  If the Party who inadvertently produced such documents demands return of the document on the grounds that it is privileged and/or work product, the Party to whom the document has been produced shall return the materials or document promptly and not retain any copies, summaries or other abstracts.  The Party to whom the privileged or protected materials were produced may file a motion to challenge the claim of privilege or protection and to compel production of the document or materials; lacking that, the demanded documents and all copies shall be returned to the Parties that produced them.

17. <u>Limitations</u>.  Nothing in this Stipulation and Order shall be construed to limit any Party from opposing discovery on any grounds otherwise available.  Nor shall anything in this

Stipulation and Order restrict a Party or its trial counsel from using or disclosing information that they already possess or may acquire by proper means in the future independent of the formal discovery process in this Action.  Further, the Parties do not intend to waive any rights via this Stipulation with regard to the manner in which Court proceedings are conducted and the use of Confidential or Highly Confidential documents at trial.  Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to a Party-client in this Action and, in the course thereof, relying upon such attorneys' examination of "Confidential" and/or "Highly Confidential" information, documents, materials and testimony; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose the specific contents of any "Confidential" or "Highly Confidential" information, documents, materials and testimony to any unauthorized person.

18. <u>Disclosure.</u>  Should any "Confidential" or "Highly Confidential" information, documents, materials or testimony be disclosed, through inadvertence or otherwise, by any receiving Party to any person or entity not authorized to receive or see such information, documents, materials or testimony under the terms of this Stipulated Protective Order, the Party responsible for such disclosure shall (a) use its best efforts to obtain the return of any such "Confidential" or "Highly Confidential" information, documents, materials or testimony; (b) within three (3) business days of the discovery of such disclosure, inform the unauthorized recipient in writing of the terms of this Protective Order, request immediate return of the material in question, and request that the unauthorized recipient agree to be bound by the terms of this Protective Order; (c) within five (5) business days of the discovery of such disclosure, inform counsel for all Parties in this Action in writing of the fact and circumstances of the unauthorized disclosure, all efforts made to recover any "Confidential" or "Highly Confidential" information, documents, materials or testimony, and the results of such efforts; and (d) within seven (7) business days of the discovery of such disclosure, and provided that efforts to secure the return of the material in question are unsuccessful, inform the Court in writing of the fact and circumstances of the unauthorized disclosure and all efforts made to recover any "Confidential" or "Highly Confidential" information, documents, materials or

testimony, and request that the Court direct the unauthorized recipient to return the material(s) in question.

19.     Modification.  This Stipulation and Order does not prevent disclosure beyond its terms if the producing Party consents to the disclosure in writing, or if the Court orders such a disclosure.  Further, the Parties may modify this Agreement in writing and with approval by the Court.  Any Party may request modification of this Order from the Court, after written notice to the other Party.

\*\*\*This section intentionally left blank\*\*\*

Dated: October 26, 2011						WINSTON & STRAWN LLP


							By:	/s/ Emilie C. Woodhead (as authorized on 10/26/11)
								Emilie C. Woodhead
								email: ewoodhead@winston.com
								WINSTON & STRAWN LLP
								333 South Grand Avenue, Suite 3800
								Los Angeles, CA 90071-1543
								Telephone:   213-615-1700
								Facsimile:    213-615-1750

								Attorneys for Defendant,
								VALSPAR CORPORATION

Dated: November 17, 2011					KHORRAMI POLLARD & ABIR LLP


							By:	/s/ Shawn Khorrami (as authorized on 11/17/11)
								Shawn Khorrami
								KHORRAMI POLLARD & ABIR, LLP
								444 S. Flower Street, 33rd Floor
								Los Angeles, CA 90071
								Telephone: (213) 596-6000
								Facsimile: (213) 596-6010


							By:	/s/ Robert J. Drexler, Jr. (as authorized on 11/17/11)
								Robert J. Drexler, Jr.
								KHORRAMI POLLARD & ABIR, LLP
								444 S. Flower Street, 33rd Floor
								Los Angeles, CA 90071
								Telephone: (213) 596-6000
								Facsimile: (213) 596-6010


							By:	/s/ Launa Adolph
								Launa Adolph
								KHORRAMI POLLARD & ABIR, LLP
								444 S. Flower Street, 33rd Floor
								Los Angeles, CA 90071
								Telephone: (213) 596-6000
								Facsimile: (213) 596-6010

Dated: _____ \_\_, 2011          POGUST, BRASLOW & MILLROOD LLC

By: _____
  Andrew J. Sciolla (*Pro Hac Vice*)
  POGUST, BRASLOW & MILLROOD LLC
  Eight Tower Bridge, Suite 1520
  161 Washington Street
  Conshohocken, PA 19428
  Telephone: (610) 941-4204
  Facsimile: (610) 941-4245

  Attorneys for Plaintiffs,
  LUKE HALTON and DENNIS BIER

**ORDER**

IT IS SO ORDERED.

Dated: November 21, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY A PROTECTIVE ORDER

The undersigned hereby acknowledges and declares, subject to the penalty of perjury, that he or she has received a copy of the Joint Stipulated Protective Order Regarding Confidential Discovery Matters in <u>Luke Halton, et al. v. Valspar Corporation, et. al.</u>, Case No. 2:10-CV-02400, has read such Joint Stipulated Protective Order Regarding Confidential Discovery Matters, agrees to be bound by all of the terms thereof, and further agrees that the United States District Court for the Eastern District of California may exercise jurisdiction over him/her to enforce such Joint Stipulated Protective Order Regarding Confidential Discovery Matters, as necessary.

Dated: _____    _____
                                                              SIGNATURE

                                                              _____
                                                              PRINT NAME